JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Reneisha Knight, on behalf of herself and all other similarly situated consumers

**DEFENDANTS**
Midland Credit Management

(b) County of Residence of First Listed Plaintiff: Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: San Diago
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Alexander R. Ferrante, Esq., Gold & Ferrante, P.C.
261 Old York Road, Suite 526, Jenkintown, PA 19046
215-872-5127

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☒ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1692 et. seq.

Brief description of cause:
Unfair debt collection

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 07/10/2017
SIGNATURE OF ATTORNEY OF RECORD: /s/ Alexander R. Ferrante

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RENEISHA KNIGHT, on behalf of herself and all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> MIDLAND CREDIT MANAGEMENT INC., <br><br> Defendant. | Case No.: <br><br><br><br> CLASS ACTION COMPLAINT |

Plaintiff, Reneisha Knight (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Midland Credit Management, Inc. (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Philadelphia, Pennsylvania and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a corporation doing business in the State of California, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6. On or about July 20, 2016, Defendant sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $944.08, for a personal credit card bill from Capital One.

7. Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

8. Exhibit A is false, deceptive, and misleading given Defendant's placement of ambiguous language and the resulting multiple interpretations of the letter that follow.

9. The collection letter states the following:

> **We are offering you 40% OFF your balance to help you eliminate your debt while saving money.** Midland Credit Management will help you put this debt burden behind you. Call us today to pay off your account, and regain your financial free-dom! **After receiving your final payment, we will consider the account paid\*.**

10. To the right of this language, Defendant actually provides Plaintiff with three options for payment:

    a. Option 1
        i. 40% off if paid within 20 days
    b. Option 2
        i. 20% off if paid over 6 months
    c. Option 3

2

      i. Monthly payments as low as $50 a month

11. Along the bottom, the letter states "*if you pay your full balance, we will report your account as Paid in Full. If you pay less than your full balance, we will report your account as Paid in Full for less than the full balance."

12. Under the FDCPA, collection letters are to be judged from the standard of the least sophisticated consumer. If a letter has multiple interpretations, more than one of which are reasonable, the collection letter is confusing and is a violation of the FDCPA.

13. The above language provided by Defendant has many different material interpretations—the consumer is left unsure what amount will result in the new reporting offered by Defendant.

14. Under one reasonable interpretation, the least sophisticated consumer believes Defendant will only report "Paid in Full for Less than the full balance" after the consumer has accepted Defendant's Option 1, the 40% discount. This belief stems from the fact that only the 40% is disclosed within the text of the letter, and the asterisk that is arguably associated with the bottom credit reporting line is just below the 40% offer. Accordingly, under this belief, the least sophisticated consumer must make one lump sum payment to receive the beneficial credit reporting.

15. Another reasonable interpretation of the least sophisticated consumer is that the Defendant will report "Paid in Full for Less than the full balance" for any of the three options provided by the Defendant. This interpretation is bolstered by the presentation of the letter which goes to suggest that the three options are provided to the consumer and either of the three options will resolve the consumer's debt, and allow the consumer to receive the beneficial credit reporting.

16. Yet another reasonable interpretation of the least sophisticated consumer is the plain reading of final sentence "if you pay your full balance, we will report your account as Paid in Full. If you pay less than your full balance, we will report your account as Paid in Full for less than the full balance." The least sophisticated consumer may read this statement and believe that *any* partial payment may result in the account reporting as "Paid in Full for less than the full balance." In other words, the consumer views the letter and interprets it to say that no matter the amount he or she pays Defendant will report it as Paid in Full for less than full the balance—because that is the exact wording of the letter. Yet in fact, this is false and misleading because Defendant will not mark the debt as Paid in Full for less than the full balance if the consumer only pays $100. This interpretation is furthered by Defendant's open ended and ambiguous Option 3. This option merely states that the consumer may make monthly payments of $50, but does not disclose how much money would need to be paid on this plan in order for the credit reporting to change.

17. Defendant does not provide for any other clarification for this reporting statement throughout its uniform letter, and does not make clear that only a certain amount paid, will entitle the consumer to receive a credit reporting of Paid in Full for less than the full balance.

18. Upon information and belief, Defendant is intentionally providing this vague reporting language to induce payment. This false language directly impacts whether and how much the consumer will pay to Defendant to resolve the debt.

## CLASS ACTION ALLEGATIONS

### The Class

19. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

20. Plaintiff seeks certification of the following classes, initially defined as follows:

**Class:** All consumers with a Pennsylvania address that have received collection letters from Defendant concerning debts for Capital One Bank N.A. used primarily for personal, household, or family purposes within one year prior to the filing of this complaint that provide deceptive reporting language.

21. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

22. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers Pennsylvania, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

23. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

24. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

25. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula

to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

## Typicality

26. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

## Protecting the Interests of the Class Members

27. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

28. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

## Proceeding Via Class Action is Superior and Advisable

29. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

30. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

31. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

32. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

33. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

34. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

35. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

36. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

37.   Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

38.   Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

39.   Section 1692f provides:

> **§ 1692f. Unfair Practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, Plaintiff, Reneisha Knight, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A.  Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

    B.  Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

    C.  Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

40. Plaintiff demands a jury trial on all issues so triable.

Dated this 10th of July, 2017

Respectfully Submitted,

/s/ Alexander R. Ferrante, Esq.
Alexander R. Ferrante, Esq.
Gold & Ferrante, P.C.
261 Old York Road
Suite 526
Jenkintown, PA 19046
Tel: (215)- 872-5127
aferrante1@verizon.net

**mcm** Midland Credit Management, Inc.

2365 Northside Drive, Suite 300, San Diego, CA 92108

07-20-2016

001. Reneisha L Branch
P13T381

# Did y u forg t somethi g?

| MCM Account Number | Current Balance | Discount |
|---|---|---|
| 0461 | $944.08 | 40% OFF |

Original Creditor............ CAPITAL ONE BANK (USA), N.A.
Original Account.......... 5178059168450758
Current Owner.............. MIDLAND FUNDING LLC

## CALL US TODAY! (800) 282-2644

Hours of Operation:
M – Th: 5:00am – 9:00pm PST; Fri: 5:00am – 4:30pm PST; Sat: 5:00am – 4:30pm PST; Sun: 5:00am – 9:00pm PST

**We can't change the past, but we can help with your future.**

RE: Capital One Bank (USA), N.A.

Reneisha L Branch, mistakes can happen to anyone. Midland Credit Management believes that everyone deserves a second chance. Call (800) 282-2644 or visit us online at www.midlandcreditonline.com by 08-19-2016 to accept one of these discounts.
**We are offering you 40% OFF your balance to help you eliminate your debt while saving money.**
Midland Credit Management will help you put this debt burden behind you. Call us today to pay off your account, and regain your financial free-dom!
**After receiving your final payment, we will consider the account paid*.**

Sincerely,

*Tim Bolin*

Tim Bolin, Division Manager

### KNOW YOUR OPTIONS

**Option 1**
40% OFF
Payment Due Date: 08-19-2016

**Option 2**
20% OFF
Over 6 Months

**Option 3**
Monthly Payments As Low As:
$50 per month

 Call:
(800) 282-2644

 Pay Online at:
www.midlandcreditonline.com

 Mail:
Payment Certificate

*If you pay your full balance, we will report your account as **Paid in Full**. If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance**.


A

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Reneisha Knight 836 Marlyn Rd, Philadelphia PA 19151

Address of Defendant: Midland Credit Management, 2365 Northside Drive Suite 300, San Diego, CA 92108

Place of Accident, Incident or Transaction: Philadelphia, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

RELATED CASE, IF ANY: None
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) 15 U.S.C. § 1692

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Alexander R. Ferrante, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/10/2017    _____ Attorney-at-Law     45381 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/10/2017    _____ Attorney-at-Law     45381 Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Reneisha Knight, on behalf of herself and all similarly situated consumers | : | CIVIL ACTION |
| v. | : | |
| Midland Credit Management, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( x )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

| | | |
|---|---|---|
| July 10, 2017 | Alexander R. Ferrante | Reneisha Knight |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 1-215-872-5127 | 1-215-885-5283 | aferrante1@verizon.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02