IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RENEISHA KNIGHT | : | CIVIL ACTION |
| --- | --- | --- |
| v. | : : : | NO. 17-3118 |
| MIDLAND CREDIT MANAGEMENT, INC. | : : | |

**KEARNEY, J.**  November 8, 2017

## MEMORANDUM

The Fair Debt Collection Practices Act prohibits a debt collector from using false, deceptive, or misleading representations in collecting a debt. The Act also prohibits unfair or unconscionable means to collect or attempt to collect a debt. To protect consumers, we evaluate the clarity of debt collection communications from the prospective of the "least sophisticated debtor." But we also presume a debtor with a basic level of understanding who has read the communication with care. A debtor cannot fabricate or imagine misleading permutations of clear representations. A debt collector could never communicate if it needed to eliminate all attenuated permutations and imagined ambiguities in its debt collection letter. The goal is to communicate clearly so the debtor understands her debt and how to resolve the debt. After careful review of the debt collection letter challenged by a debtor today, we grant the debt collector's motion to dismiss in part without prejudice for the debtor to timely file a third amended complaint under Fed. R. Civ. P. 11.

**I.  Alleged facts.**

Reneisha Knight allegedly owed $944.08 on a personal credit card issued by Capital One Bank, N.A.[1] Midland Credit Management, Inc. sent a letter to Ms. Knight attempting to resolve

her outstanding account balance by offering her three options: a discount of either 40% or 20% or a monthly installment payment plan.[2] The top of the letter reads "Did y u forg t somethi g?" in large print.[3] Ms. Knight's Midland current account balance is listed directly below.[4] The letter also lists the name of Ms. Knight's original creditor, Capital One, her original Capital One account number, and the name of the current owner of the account, Midland Funding, LLC.[5]

The middle section of Midland Credit's letter is titled, "We can't change the past, but we can help with your future."[6]

Midland Credit then advised Ms. Knight to "KNOW YOUR OPTIONS."[7] Option 1 offers Ms. Knight a 40% discount off her current balance with a payment due date on August 19, 2016.[8] Option 2 offers Ms. Knight a discount of 20% and requires payments to be made over a six month period.[9] Option 3 offers a monthly installment payment plan with payments as low as $50 per month.[10] Option 3 does not offer a percentage discount off Ms. Knight's current balance.[11]

Midland Credit encouraged Ms. Knight to call to accept one of three payment options offered in the letter.[12] Midland Credit highlights one of the three options, a 40% discount off Ms. Knight's current balance.[13] The section concludes with Midland Credit explaining, "**After receiving your final payment, we will consider the account paid.\***"[14] The asterisk directs Ms. Knight to the bottom of the letter where Midland Credit explains, "If you pay your full balance, we will report your balance as **Paid in Full**. If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance**."[15]

Ms. Knight now sues Midland Credit claiming its letter is false, deceptive, and misleading, and violates § 1692e(10) of the Act.[16]

2

## II. Analysis

Midland Credit moves to dismiss Ms. Knight's Second Amended Complaint.[17] Midland Credit argues its letter is not misleading or deceptive to the "least sophisticated debtor." We grant Midland Credit's motion to dismiss because Ms. Knight fails to state a claim under the Act.

### A. We dismiss Ms. Knight's § 1692e(10) claim for failing to state a claim.

Ms. Knight claims Midland Credit's letter violated § 1692e(10) because the letter is false, deceptive, and misleading. Ms. Knight claims the use of the word "report" is ambiguous as to who Midland Credit will report her account status. Ms. Knight claims the letter is ambiguous because it is unclear when Ms. Knight's debt would be categorized "Paid in Full" or "Paid in Full for less than the full balance." Ms. Knight claims the term "Paid in Full for less than full balance" is confusing. Ms. Knight also claims the language "We can't change the past, but we can help with your future" is false and misleading. Midland Credit argues its letter is not false, deceptive, or misleading to the "least sophisticated debtor."

The Act prohibits the use of deception in the debt-collection process.[18] Section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."[19] Communications potentially giving rise to claims under the Act are analyzed from the perspective of the "least sophisticated debtor."[20] This standard is lower than the standard of a reasonable debtor.[21] "A communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor."[22] Although the "least sophisticated debtor" standard is a low standard, it "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care."[23] The least sophisticated debtor must read a debt collection notice

in its entirety.[24] "A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate."[25] Whether a communication violates the Act is a question of law.[26]

### 1. Midland Credit's use of the word "report" is not false, deceptive, or misleading.

Ms. Knight claims the word "report" is ambiguous as to who Midland Credit will report her account status at the time of her final payment. Ms. Knight claims "report" could mean Midland Credit will report the information to her original creditor, a credit reporting agency, or both. Ms. Knight claims this confusion is material because it affects the consumer's decision of whether to pay off the debt. Ms. Knight explains "one consumer may not be worried whether Capital One Bank learns of payment because the consumer does not intend to do business with this bank again, while another consumer may so intend."[27] Midland Credit argues when the letter is read in its entirety, "report" clearly means reporting account information to credit reporting agencies.

Midland Credit sent Ms. Knight the letter in an attempt to encourage her to make payments on her Capital One debt. Depending on Ms. Knight's payment selection, Midland Credit explained it would report her account as "Paid in Full" or "less than the full balance." Read in context, it would be a "bizarre and idiosyncratic interpretation" to conclude Midland Credit would report the satisfaction of Ms. Knight's debt to anyone other than a credit reporting agency. Even the "least sophisticated debtor" understands outstanding debts and payments on those debts impact a debtor's credit report. Ms. Knight's argument a debtor may be more or less inclined to pay a debt depending on whether a report is sent to a creditor or credit reporting agency is entirely speculative. We have no basis, and Ms. Knight offers none, to find a debtor would more likely pay a bill based on who she pays. In an era of general awareness of credit

4

scores, including nationally broadcast advertising and applications for mobile devices providing instantaneous credit scores, we have no reason to find the recipient of a paid bill will make a difference. This is not a decision as to whether to pay cash to one handyman vendor over another hoping one will come back the next time you need help. Ms. Knight is facing a credit card debt to Capital One. In this context, the least sophisticated debtor standard recognizes the recipient of the payment will report the payment for credit purposes. Ms. Knight's challenge to the word "report" fails.

### 2. Midland Credit describes when Ms. Knight's debt will be reported "Paid in Full" or "Paid in Full for less than the full balance."

Ms. Knight argues Midland Credit's letter is false, deceptive, and misleading because it is ambiguous when her account will be reported as "Paid in Full" or "Paid in Full for less than the full amount." Midland Credit argues its letter is clear as to which payment options allow Ms. Knight to settle her debt by paying less than her full account balance and which option requires Ms. Knight to pay her full account balance. We agree with Midland Credit.

A debt collection letter which offers a debtor the chance to settle debts by paying less than the full account balance and offers to report such discounted settlements as paid in full is misleading.[28] In *Michael*, the plaintiff received a debt collection letter which stated he could settle his debt by paying an amount less than the full balance, and this payment would be considered settlement in full for the accounts.[29] The plaintiff claimed this statement was false and misleading as debts settled for less than the full amount are reported to credit bureaus as settled for less than the full amount. The court found the plaintiff's allegation sufficient to survive dismissal.[30]

Unlike the letter in *Michael*, Midland Credit's letter clearly and correctly distinguishes when a debt will be reported "Paid in Full."[31] Midland Credit's letter explains the account will

5

be reported "Paid in Full" if Ms. Knight pays her "full balance."[32] Ms. Knight's current balance is specifically identified in the top center of the letter.[33] Midland Credit further explains if less than the full balance is paid, the account will be reported "Paid in Full for less than the full balance."[34] Critically, Midland Credit connects these explanations to the sentence providing, "After receiving your final payment, we will consider the account paid.*".[35] The status of the account as "Paid in Full" or "less than the full balance" is determined at the time of Ms. Knight's final payment.[36]

Options 1 and 2 offer discounts from Ms. Knight's current balance of 40% and 20% off respectively.[37] These offers clearly allow Ms. Knight to settle her account at less than her current balance. At the time of final payment under these options, Ms. Knight will have paid 40% or 20% less than her current balance, and her debt would be "Paid in Full less than the full balance." Option 3 offers Ms. Knight a monthly installment payment plan.[38] Unlike Options 1 or 2, Option 3 does not have language indicating a percentage discount off Ms. Knight's balance.[39] At the time of final payment under Option 3, Ms. Knight's account will be paid in its entirety.

We would be reaching a "bizarre and idiosyncratic interpretation" of Midland Credit's letter to conclude Option 3 allowed payment less than the full balance when Option 3 lacks any discount language as included in Option 1 and Option 2. The only reasonable interpretation for the least sophisticated consumer is Options 1 and 2 will result in Ms. Knight's account being reported as "Paid in Full for less than the full amount" and Option 3 will result in Plaintiff's debt being reported as "Paid in Full." Ms. Knight's challenge to the language "Paid in full" or "Paid in full for less than the full amount" fails.

6

### 3. Midland Credit's use of the phrase "Paid in Full for less than the full balance" is not false, deceptive, or misleading.

Ms. Knight argues Midland Credit's use of the phrase "Paid in Full for less than the full balance" is "a center of confusion" for a debtor. Ms. Knight claims the least sophisticated debtor does not understand the phrase and "does not understand the impact of these terms."[40]

Midland Credit's letter states, "If you pay less than your full balance, we will report your account as **Paid in Full for less than the full balance**."[41] The sentence immediately before states, "If you pay your full balance, we will report your account as **Paid in Full**."[42] These sentences are read in the context of the three payment options offered by Midland Credit to resolve Ms. Knight's outstanding account balance.[43]

The phrase "Paid in Full for less than the full balance" is not a "center for confusion" as Ms. Knight suggests. Midland Credit directly explains Ms. Knight's settlement of her account for less than the full balance results in the "Paid in Full for less than the full balance" designation. This designation is immediately distinguished from "Paid in Full," which can only be achieved if the account balance is paid in its entirety. The phrase "Paid in Full for less than the full balance" has only one reasonable meaning: Ms. Knight's settlement of her account balance for less than the full balance.

Ms. Knight's argument a debtor "is unsure how the entity receiving [Midland Credit's] reporting will treat a debt that is 'Paid in Full for less than the full balance'" is unconvincing. As described above, the phrase has one reasonable meaning: settlement of Ms. Knight's account for less than the full balance. Any entity receiving a report from Midland Credit would treat it as such. Ms. Knight also fails to explain how a debtor being unsure how an entity would treat a report as "Paid in Full for less than the full balance" makes the meaning of the phrase misleading to the debtor. Ms. Knight's claim fails.

### 4. Midland Credit's use of the phrase "We can't change the past, but we can help with your future" is not false, deceptive or misleading

Ms. Knight argues Midland Credit's use of the phrase "We can't change the past, but we can help with your future" is false and deceptive. Ms. Knight claims the consumer may read the letter in one of two ways "1) that by reporting the payment to the credit reporting agencies, it will improve Plaintiff's credit score or credit worthiness, or 2) by making a positive reporting to the original creditor, it will help in future lending decisions."[44] Ms. Knight claims if the consumer believes Midland Credit will report a payment to the credit reporting agencies and the payment will improve the consumer's future by resulting in a greater credit score, Midland Credit's statement is false because "for a collection account, where a consumer pays the account, regardless of whether the consumer pays the account in full, or for less than the full balance, *the consumer's credit score will decrease!*"[45]

When the phrase "We can't change the past, but we can help with your future" is read in the context of the entire letter, there is simply nothing to support Ms. Knight's offered interpretations of the language. The body of the letter reads "Midland Credit Management will help you put this debt burden behind you. Call us today to pay off your account, and regain your financial free-dom!"[46] When "We can't change the past, but we can help with your future" is read together with this language, it is clear Midland Credit Management is offering to help Ms. Knight eliminate her debt.

The letter is devoid of any promise for improvement of credit scores or help in securing future lending. The letter indicates Midland Credit can help the consumer with her future by alleviating her debt burden, but there is no basis to conclude Midland Credit is also claiming the elimination of the consumer's debt will improve the consumer's credit scores. Ms. Knight benefits from paying the debt because payment frees her from the financial burdens associated

8

with an unpaid debt and frees her from any further dealings with debt collection agencies. We would reach a "bizarre and idiosyncratic" interpretation of the letter to conclude Midland Credit's offer to help the consumer eliminate her debt is also a promise of improved credit scores. Midland Credit's letter simply offers three payment options to help Ms. Knight pay her debt. Ms. Knight's challenge to the phrase "We can't change the past, but we can help with your future" fails.

### III. Conclusion

In the accompanying Order, we grant Midland Credit's motion to dismiss the Second Amended Complaint as Ms. Knight's stated challenge of the debt collection language is, as a matter of law, not confusing or misleading to the least sophisticated debtor. We dismiss without prejudice for Ms. Knight to file a third amended complaint, if possible, under Fed. R. Civ. 11.

---

[1] ECF. Doc. No. 22, ¶¶ 6, 7.

[2] *Id.* ¶7; ECF. Doc. No. 22-1.

[3] ECF. Doc. No. 22-1.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

9

[12] *Id.*

[13] *Id.*

[14] *Id.* (emphasis in original).

[15] *Id.* (emphasis in original).

[16] 15 U.S.C § 1692 *et seq.*

[17] In deciding a motion to dismiss under Rule 12(b)(6), we accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, but we "are not compelled to accept unsupported conclusions and unwarranted inference, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Group*, 863 F.3d 259, 263 (3d Cir. 2017) (quoting *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (quoting *In re Vehicle Carrier Serv. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017)). A claim satisfies the plausibility standard when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Maiden Creek Assoc., L.P. v. U.S. Dep't of Transp.*, 823 F.3d 184, 189 (3d Cir. 2016) (quoting *Ascroft v. Iqbal*, 556 U.S. 662, 678 (2009)). While the plausibility standard is not "akin to a 'probability requirement,'" there nevertheless must be more than a "sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).
Our Court of Appeals requires us to apply a three-step analysis under a 12(b)(6) motion: (1) "it must 'tak[e] note of the elements [the] plaintiff must plead to state a claim;'" (2) "it should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth;'" and, (3) "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 675, 679).

[18] *Rosenau v. Unifund Corp.*, 539 F.3d 218, 222 (3d Cir. 2008).

[19] 15 U.S.C.A. §1692e(10).

[20] *Rosenau*, 539 F.3d at 222 (citing *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

[21] *Id.* (citing *Wilson v. Quadramed*, 225 F.3d 350, 354 (3d. Cir. 2000)).

[22] *Id.* (quoting *Brown*, 464 F.3d at 454).

[23] *Wilson*, 225 F.3d at 355-56.

[24] *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 299 (3d Cir. 2008).

[25] *Rosenau*, 539 F.3d at 222 (quoting *Brown*, 464 F.3d at 455).

[26] *Szczurek v. Prof'l Mgmt., Inc.*, 627 F. App'x. 57, 60 (3d Cir. 2015) (citing *Wilson*, 225 F.3d at 353 n.2).

[27] ECF Doc No. 22, ¶ 18.

[28] *See Michael v. HOVG, LLC*, 232 F. Supp. 3d 1229, 1237 (S.D.Fla. 2017).

[29] *Id.*

[30] *Id.* at 1238.

[31] *See* ECF. Doc. No. 22-1.

[32] *Id.*

[33] *Id.*

[34] *Id.*

[35] *Id.*

[36] *See id.*

[37] *Id.*

[38] *Id.*

[39] *Id.*

[40] ECF. Doc. No. 22, ¶30.

[41] ECF. Doc. No. 22-1 (emphasis in original).

[42] *Id.* (emphasis in original).

[43] *See id.*

[44] ECF Doc. No. 22, ¶24.

[45] *Id.* ¶¶35, 36.

[46] ECF Doc. No. 22-1.