## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENEISHA KNIGHT**, on behalf of herself and all other similarly situated consumers, | **Civil Action No.** |
| | **2:17-cv-3118-MAK** |
| Plaintiff, | |
| **vs.** | |
| **MIDLAND CREDIT MANAGEMENT, INC**., | |
| Defendant. | |

## DEFENDANT, MIDLAND CREDIT MANAGEMENT, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

AND NOW comes Defendant, Midland Credit Management, Inc. ("MCM") by and through its undersigned counsel, Marshall Dennehey Warner Coleman & Goggin, P.C., and hereby answers the Second Amended Complaint of Plaintiff, Reneisha Knight ("Plaintiff").   In support thereof, MCM avers as follows:

## ANSWER TO NATURE OF ACTION

1.    Admitted in part and denied in part.  MCM admits that Plaintiff filed a lawsuit against it premised on claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692a, *et seq.* ("FDCPA").  MCM further admits that Plaintiff asserts both individual and class claims against MCM under the FDCPA.  MCM denies any liability or wrongful conduct under the FDCPA or otherwise.

## ANSWER TO JURISDICTION AND VENUE

2.     Denied.  The allegations in this paragraph call for a conclusion of law and are denied as such.  MCM refers all questions of law to the Court.

3.     Denied.  The allegations in this paragraph call for conclusion of law and are denied as such.  MCM refers all questions of law to the Court.

## ANSWER TO PARTIES

4.     Admitted in part and denied in part.  MCM admits, on information and belief, that Plaintiff is a natural person.  MCM lacks sufficient information or belief as to whether Plaintiff was a resident of Philadelphia, Pennsylvania, at all time relevant to the allegations set forth in the Complaint and, therefore, MCM denies this allegation.  MCM also lacks sufficient information or belief as to whether Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) and, therefore, MCM denies this allegation.

5.     Admitted in part and denied in part.  MCM admits that it is a business that maintains a location at the address set out in this paragraph and that, at times, it attempts to collect consumer debts.  Finally, whether MCM is a "debt collector", with respect to Plaintiff's valid and delinquent debt obligation,  as that phrase is defined and applied under the FDCPA calls for a conclusion of law and is denied as such. MCM refers all questions of law to the Court.

## ANSWER TO FACTUAL STATEMENT

6.     Admitted in part and denied in part.  MCM admits that its records reflect that a letter, dated July 20, 2016, was issued on behalf of MCM to

Plaintiff.  MCM further admits that Plaintiff has attached a redacted copy of MCM's July 20, 2016 letter to her Complaint as Exhibit "A."  MCM denies any characterization of the July 20, 2016 letter, (hereafter "MCM Letter"), as it is a writing, which speaks for itself.

7.    Denied.  MCM lacks sufficient information or belief as to whether the debt was incurred for personal, family or household purposes and not for business purposes and, therefore, MCM denies this allegation.

8.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Moreover, MCM denies that the MCM Letter was (i) false, deceptive and misleading, (ii) ambiguous, and/or (iii) resulted in multiple interpretations of its language.

9.    Admitted in part and denied in part.  MCM admits that Plaintiff has pasted a portion of the MCM Letter that provides a settlement offer of 40% off of Plaintiff's balance to assist Plaintiff in paying her valid and delinquent debt obligation.   MCM further admits that the MCM Letter clearly states that after MCM receives the final payment on the amount of the debt, whether through settlement or payment in full, MCM will deem the account paid.  MCM finally admits that this section of the MCM Letter contains an asterisk that guides Plaintiff into better understanding how payments would be reflected on her credit reports.  Unless otherwise admitted, MCM denies the allegations in this paragraph as the MCM Letter is a writing that speaks for itself.

10.    Admitted in part and denied in part.  MCM admits that Plaintiff identifies another part of the MCM Letter in this paragraph.  MCM further

admits that MCM plainly sets out three settlement options in this section, a discount of 40% where Plaintiff pays a settlement amount in 20 days; a discount of 20% on her debt if she pays over six months; and a third option, where Plaintiff pays her debt in full for an amount as low as $50 per month until the balance is satisfied.  Unless otherwise admitted, MCM denies any characterization of the MCM Letter, as it is a writing, which speaks for itself.

11.   Admitted in part and denied in part.  MCM admits that the MCM Letter links this section of the MCM Letter with the statement "After receiving your final payment, we will consider the account paid *".  MCM further admits that this section of the MCM Letter plainly informs Plaintiff that if she pays under Options 1 or 2, MCM will report the account as Paid in Full for less than the full balance, and if she pays the full balance under Option 3, MCM will report the account as Paid in Full.   Finally, MCM admits that the language in this section of the MCM Letter accurately tracks the language that would appear on a credit report had Plaintiff decided to take advantage of the Options set out in the MCM Letter to resolve her debt.  Unless otherwise admitted, MCM denies any characterization of the MCM Letter, as it is a writing, which speaks for itself.

12.   Admitted in part and denied in part.  MCM admits that the Third Circuit has imposed an objective standard in examining collection letters to determine whether such letter violates the FDCPA - through the objective eyes of a reasonable least sophisticated consumer, possessing the ability to read the letter in its entirety, and the ability to comprehend the letter upon such

reading, with requisite due care.[1]  Unless otherwise admitted, MCM denies the allegations in this paragraph.

13.    Denied.   MCM denies that the MCM Letter has any different interpretations.   Again, a plain reading of the MCM Letter unambiguously shows a reasonable least sophisticated consumer reading the MCM Letter that if she paid her debt via Options 1 or 2, MCM will credit report the account as "Paid in Full for less than the full balance", and if she pays the full balance under Option 3, MCM will credit report the account as "Paid in Full".   See Exhibit "A" to Plaintiff's Second Amended Complaint.   MCM denies the remaining alleges as they consist of mischaracterizations of the content of the MCM Letter, a writing that speaks for itself.

14.    Denied.  MCM denies that it is ambiguous as to whom Defendant will report Plaintiff's credit information.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language of the MCM Letter is demanded of Plaintiff.

15.    Admitted in part and denied in part.   MCM admits that the use of the word "report" in the context of the letter means, and can only mean, credit report.   MCM denies there is any other reasonable interpretation of the use of the word "report."  Unless otherwise admitted, MCM denies the allegations in this paragraph.

---

[1] Basically, the Third Circuit has determined that in considering whether a collection letter violates the FDCPA, the courts should not entertain bizarre, idiosyncratic, willfully blind, unobservant or out-of-context assertions, but only those claims that arise by virtue of a reasonable and plain reading of the content of the letter in its entirety.

16.    Denied.  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language in the MCM Letter is demanded of Plaintiff.

17.    Denied.  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language in the MCM Letter is demanded of Plaintiff.

18.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Moreover, MCM denies that the MCM Letter was false, deceptive and misleading, or that the least sophisticated consumer would be confused as to how her account information would be reported.  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language of the MCM is demanded of Plaintiff.

19.    Admitted in part and denied in part.  MCM admits that the MCM Letter plainly provides that Option 3 is a route to full payment where the consumer is provided the option to pay $50 up until the full debt is paid. MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph, that Option 3 results in a discount.  A factual basis

for this conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language in the MCM Letter is demanded of Plaintiff.  Unless otherwise admitted, the allegations in this paragraph are denied.

20.    Denied.  The allegations in this paragraph constitute conclusions of law and are denied as such.  Moreover, MCM denies that the MCM Letter was false, deceptive and misleading.

21.    Denied.  MCM denies that the MCM Letter is ambiguous as to how Defendant will credit report Plaintiff's account information.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language of the MCM Letter is demanded of Plaintiff.

22.    Denied.  The MCM Letter plainly discloses that if Plaintiff pays under Options 1 or 2, MCM will credit report the account as "Paid in Full for less than the full balance," and if she pays the full balance under Option 3, MCM will report the account as "Paid in Full."  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language in the MCM Letter is demanded of Plaintiff.

23.    Denied.  The MCM Letter plainly discloses that if Plaintiff pays under Options 1 or 2, MCM will credit report the account as "Paid in Full for less than the full balance," and if she pays the full balance under Option 3,

MCM will report the account as "Paid in Full."  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language in the MCM Letter is demanded of Plaintiff.

24.    Denied.  The MCM Letter plainly discloses that if Plaintiff pays under Options 1 or 2, MCM will credit report the account as "Paid in Full for less than the full balance," and if she pays the full balance under Option 3, MCM will report the account as "Paid in Full."  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language in the MCM Letter is demanded of Plaintiff.

25.    Denied.  The MCM Letter plainly discloses that if Plaintiff pays under Options 1 or 2, MCM will credit report the account as "Paid in Full for less than the full balance," and if she pays the full balance under Option 3, MCM will report the account as "Paid in Full."  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language in the MCM Letter is demanded of Plaintiff.

26.    Denied.  The MCM Letter plainly discloses that if Plaintiff pays under Options 1 or 2, MCM will credit report the account as "Paid in Full for

less than the full balance," and if she pays the full balance under Option 3, MCM will report the account as "Paid in Full."  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language in the MCM Letter is demanded of Plaintiff.

27.     Admitted in part and denied in part.  MCM admits that the MCM Letter plainly discloses that if Plaintiff pays under Options 1 or 2, MCM will report the account as "Paid in Full for less than the full balance", and if she pays the full balance under Option 3, MCM will report the account as "Paid in Full".  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph, i.e., the implication that there are other interpretations of the MCM Letter.

28.     Admitted in part and denied in part.  MCM admits that the MCM Letter plainly discloses that if Plaintiff pays under Options 1 or 2, MCM will report the account as "Paid in Full for less than the full balance", and if she pays the full balance under Option 3, MCM will report the account as "Paid in Full".  MCM denies the bizarre and contrived reading of the MCM Letter suggested by Plaintiff in this paragraph, that the payment of less than the full balance (Options 1 and 2) would result in MCM reporting the account as "Paid in Full".  A factual basis for these conclusion drawn by Plaintiff in her attempt

to craft a claim premised on her idiosyncratic interpretation of the plain language in the MCM Letter is demanded of Plaintiff. [2]

29.    Denied.  MCM denies the MCM Letter is vague and/or ambiguous. Moreover, this request is a legal conclusion and is denied as such.  A factual basis for these conclusions drawn by Plaintiff in her attempt to craft a claim premised on her willful blindness of the plain language of the MCM Letter is demanded of Plaintiff.

30.    Denied.  The allegations in this paragraph are conclusions of law and denied as such.  A factual basis for these conclusion drawn by Plaintiff in her attempt to craft a claim premised on her idiosyncratic interpretation of the plain language in the MCM Letter is demanded of Plaintiff.

31.    Denied.  MCM denies the MCM Letter is false and/or deceptive, which is a legal conclusion and denied as such.

32.    Admitted.

33.    Admitted in part and denied in part.  MCM admits that the MCM offers to help Plaintiff by offering her various options for paying her legally due and owing debt.  MCM denies Plaintiff's characterization of the MCM Letter. A factual basis for these conclusion drawn by Plaintiff in her attempt to craft a

---

[2] This argument is even more absurd upon a reading of the MCM Letter in its entirety "**After receiving your final payment**, we will consider the account paid".  Clearly, the options are for resolving Plaintiff's delinquent debt.  The first option provides 40% off with payments by August 19, 2016.  The second option is 20% off if payments are made within in 6 months from the date of the MCM Letter.  The third option provides for payments as low as $50 per month on the balance.    Thus, a $50 payment, or a $100 payment, unless satisfying the balance, would not impact on the reporting of the debt.    Again, this idiosyncratic and bizarre position further undermines the legitimacy of Plaintiff's claims.

claim premised on her idiosyncratic interpretation of the plain language in the MCM Letter is demanded of Plaintiff.

34.     Denied.  MCM denies Plaintiff's characterization of the MCM Letter. A factual basis for these conclusion drawn by Plaintiff in her attempt to craft a claim premised on her idiosyncratic interpretation of the plain language in the MCM Letter is demanded of Plaintiff.

35.     Denied.  MCM denies Plaintiff's characterization of the MCM Letter. A factual basis for these conclusion drawn by Plaintiff in her attempt to craft a claim premised on her idiosyncratic interpretation of the plain language in the MCM Letter is demanded of Plaintiff.

36.     Denied.  The allegations in this paragraph constitute conclusions of law and denied as such.

37.     Denied.  The allegations in this paragraph are based on Plaintiff's mischaracterization of the MCM Letter.   Therefore, MCM denies these allegations as they rely on a false premise.

### ANSWER TO CLASS ACTION ALLEGATIONS

### The Class

38.     Admitted in part and denied in part.  MCM admits that Plaintiff asserts an individual claim and is attempting to plead a class action against MCM.  MCM denies any liability to Plaintiff or the putative class.

39.     Admitted in part and denied in part.  MCM admits that Plaintiff is attempting to define a class consisting of all consumers with a Pennsylvania address that have received collection letters from MCM in substantially the

11

same form as Exhibit "A" to Plaintiff's Second Amended Complaint, concerning debts originally owed to Capital One Bank N.A., which were used primarily for personal, household, or family purposes, within one year prior to the filing of this complaint that provide deceptive reporting language.  By way of further answer, MCM denies the existence of other persons similarly situated and denies violating the FDCPA as to Plaintiff or her speculative class.

40.    Denied.  The nature of this allegations does not require a response. To the extent a response is required, the allegation is denied.

## Numerosity

41.    Denied.    MCM denies that Plaintiff asserts neither a valid individual claim nor a viable class claim against MCM, as the allegations in this paragraph are based solely on information and belief, in lieu of facts. MCM denies the existence of other persons similarly situated and denies her speculative class satisfies the requirements of Fed. R. Civ. P. 23.  A factual basis for these conclusory allegations is demanded of Plaintiff.  By way of further response, MCM denies the letter sent to Plaintiff or her speculative class violates any provision of the FDCPA.  MCM leaves Plaintiff to her burden of proof as to numerosity.

42.    Admitted in part and denied in part.  MCM admits that the MCM Letter is to be evaluated by the objective standard of the reasonable least sophisticated consumer, who is imbued with the ability to read the MCM Letter in its entirety and comprehend its content with requisite due care.  Unless otherwise admitted, MCM denies the allegations in this paragraph.

43.    Denied.   MCM denies the ascertainability of the fail-safe class because the determination of whether each debt for each theoretical member of the class was incurred primarily for personal, household or family purposes presents a grossly undue burden and an unascertainable class.

### Common Questions of Law and Fact

44.    Denied.   MCM denies that there exists questions of law and fact which are common to the putative class and which predominate over questions affecting the individual members of the alleged class.   In fact, MCM's potential defenses to the class claim require an individual inquiry into each specific putative class member to determine the specific nature of their respective debt, or whether other defenses apply to each theoretical class member.   This will require individualized mini-trials as to each potential member of the fail-safe class within the trial.   MCM further denies it violated the FDCPA or that Plaintiff's purported injuries or damages were a result of its alleged actions. MCM also denies that Plaintiff is entitled to any such relief, on either an individual or class basis in the absence of any viable claim.   MCM further denies that the FDCPA enables private litigants to secure restitution, declaratory or injunctive relief, even in the class context.   MCM leaves Plaintiff to her burden of proof for this assertion, and refers questions of law to the Court.

### Typicality

45.    Denied.   MCM denies typicality as to the putative class, which is evident on the face of the fail-safe class definition and a factual basis as to the

13

typicality is demanded of Plaintiff.  By way of further response, MCM denies that Plaintiff does not have interest antagonistic to those of the class.  A factual basis for these conclusory allegations is demanded of Plaintiff.

### Protecting the Interests of the Class Members

46.    Denied.  MCM lack sufficient information or belief as to the truth or falsity of the allegation that Plaintiff will fairly and adequately protect the interest of the putative class or that Plaintiff's counsel possesses the requisite experience to serve as class counsel.  Therefore, MCM denies these allegations and leaves Plaintiff to her proofs as to her adequacy to represent any class, as well as the adequacy of her counsel.

47.    Denied.  MCM lacks sufficient information or belief as to the truth or falsity of the allegation that Plaintiff nor her counsel have any interest, which might cause them not to vigorously pursue the instant class action lawsuit.  Therefore, MCM denies the allegation and leaves Plaintiff to her proof.

### Proceeding Via Class Action is Superior and Advisable

48.    Denied.  MCM denies the allegations in this paragraph.  To the contrary, class treatment is grossly inferior to individual treatments. Additionally, class treatment would create gross inequities to those subjected to the class (to the extent such a class could exist).  See e.g., *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390 (N.D. Ill. 2006) ("Precedent teaches that the availability of statutory damages plus the ability to recover attorneys fees and costs provides substantial incentives to bring meritorious individual suits.");

see also, 5 Moore's Federal Practice § 23.46[3][a] at 23-27 ("[I]f a claim is based on law that permits the prevailing party to recover the cost of litigation . . . a class action is less likely to be the superior method of proceeding").  MCM further responds that it is clear that individual prosecution of claims under the FDCPA is not only superior to class treatment, based on the fail safe definition, individual treatment provide the only recourse to Plaintiff.

49.   Denied.  MCM lacks sufficient information or belief as to the truth or falsity of the allegation that the members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.  Therefore, MCM denies the allegation and leaves Plaintiff to her proof.

50.   Denied.  MCM denies the allegations in this paragraph.  To the contrary, class treatment is grossly inferior to individual treatments. Additionally, class treatment would create gross inequities to those subjected to the class (to the extent such a class could exist).  MCM further responds that it is clear that individual prosecution of claims under the FDCPA is superior to class treatment.  Finally, Plaintiff's fear of inconsistent or varying adjudications and/or standards remains speculative and a conclusion of law, which is denied.

51.   Denied. MCM denies the allegations in this paragraph. To the contrary, class treatment is grossly inferior to individual treatments. Additionally, class treatment would create gross inequities to those subjected to the class (to the extent such a class could exist). See e.g., *Hyderi v. Wash.*

*Mut. Bank, FA*, 235 F.R.D. 390 (N.D. Ill. 2006) ("Precedent teaches that the availability of statutory damages plus the ability to recover attorneys fees and costs provides substantial incentives to bring meritorious individual suits."); see also, 5 Moore's Federal Practice § 23.46[3][a] at 23-27 ("[I]f a claim is based on law that permits the prevailing party to recover the cost of litigation  . . . a class action is less likely to be the superior method of proceeding").   MCM further responds that it is clear that individual prosecution of claims under the FDCPA is superior to class treatment.

52.   The nature of this allegation does not require a response.   To the extent a response is required, MCM denies it violated the FDCPA and Plaintiff failed to present facts supporting certification pursuant to Fed. R. Civ. P. 23(c)(4).

53.   Denied. MCM denies the allegations in this paragraph. To the contrary, class treatment is grossly inferior to individual treatments. Additionally, class treatment would create gross inequities to those subjected to the class (to the extent such a class could exist). See  e.g., *Hyderi v. Wash. Mut. Bank, FA*, 235 F.R.D. 390 (N.D. Ill. 2006) ("Precedent teaches that the availability of statutory damages plus the ability to recover attorneys fees and costs provides substantial incentives to bring meritorious individual suits."); see also, 5 Moore's Federal Practice § 23.46[3][a] at 23-27 ("[I]f a claim is based on law that permits the prevailing party to recover the cost of litigation  . . . a class action is less likely to be the  superior method of proceeding").   MCM

further responds that it is clear that individual prosecution of claims under the FDCPA is superior to class treatment.

54.    Denied.  MCM denies that Plaintiff's theoretical class suffered any losses or damages.  MCM further denies any violation of the FDCPA.  Finally, MCM further denies that the FDCPA permits private litigants to secure restitution, declaratory or injunctive relief, even in the class context.

## ANSWER TO COUNT I

55.    No response is required to this paragraph as Plaintiff is merely incorporating the allegations in prior paragraphs by reference.  To the extent that a response is deemed necessary, MCM incorporates its responses to Paragraphs 1 through 54 as though fully set forth herein at length.

56.    Denied.  MCM denies that the MCM Letter plausibly presents any materially false and deceptive representations.  Moreover, MCM denies any violation of the FDCPA.

57.    Admitted in part and denied in part.  MCM admits that Plaintiff quotes from Section 1692e in this paragraph.  MCM denies that the MCM Letter contains any false or misleading representations and denies violating Section 1692e of the FDCPA.

**WHEREFORE**, Defendant Midland Credit Management, Inc., respectfully requests this Honorable Court deem this Answer good and responsive and provide MCM with all as the Court deems just and equitable.

## ANSWER TO JURY TRIAL DEMAND

58.     Admitted in part and denied in part.  The nature of this allegation does not require a response.  To the extent a response is required, MCM admits Plaintiff demanded a jury trial, but denies that Plaintiff can maintain such a right in the absence of any triable claims.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

MCM's conduct with respect to Plaintiff did not violate the FDCPA. Therefore, MCM affirmatively asserts that Plaintiff's claim pursuant to the FDCPA lack any degree of viability and all claims against MCM should be dismissed or withdrawn.

## SECOND AFFIRMATIVE DEFENSE

Even if MCM violated the FDCPA, which is denied, Plaintiff did not incur any cognizable damages as a result of the alleged conduct of MCM.  Therefore, Plaintiff lacks standing to assert FDCPA claims against MCM.

## THIRD AFFIRMATIVE DEFENSE

Any violation of the law or damages suffered by Plaintiff, which Midland denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any claim of damages against Midland.

## FOURTH AFFIRMATIVE DEFENSE

In the event the Plaintiff is able to adequately plead a violation of the FDCPA, which Midland denies, her entitlement to statutory damages is capped at $1,000 per action not per defendant or per violation.   *See Goodman v.*

*People's Bank, et* al, 2006 U.S. App LEXIS 31555 (3d Cir. Dec. 21, 2006); *Blandina v. Midland Funding, LLC*, 2015 U.S. Dist. LEXIS 12621 (E.D. Pa. Feb. 2, 2015); *Brown v. Law Offices of Butterfield*, 2004 U.S. Dist. LEXIS 9822, \*16 n8 Civil Action No. 03-CV-05850 (ED Pa. May 24, 2004); *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650-51 (6th Cir. 1994); and *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992).

## FIFTH AFFIRMATIVE DEFENSE

For a statement to be deemed violative of any subsection of section 1692e of the FDCPA, the statement must be both misleading and material. It must induce a consumer to act in a manner that the consumer would otherwise have not acted but for the statement. *See Jensen v. Pressler & Pressler and Midland Funding, LLC*, No. 14-2808, 2015 U.S. App. LEXIS 11188 (3d Cir. June 30, 2015); *Rogozinski v. NCO Fin. Sys.*, 2012 U.S. Dist. LEXIS 153894 (E.D. Pa. 2012). Plaintiff has not even offered facts showing that the settlement offers presented in the MCM Letter were misleading and/or material. Therefore, Plaintiff's claims cannot prevail as a matter of law.

## SIXTH AFFIRMATIVE DEFENSE

A plaintiff in a FDCPA action has the burden of proving that the underlying debt is consumer in nature. See *Anderson v. AFNI, Inc.*, 2011 U.S. Dist. LEXIS 51368 (E.D. Pa. 2011). As each debt arises out of unique set of transactions, each putative class member has the burden of proving his or her debt to be consumer in nature. Plaintiff does not concede to her debt and does not offer any facts in her complaint showing that the debt was a consumer

debt.   Rather, Plaintiff simply uses a boilerplate definition in lieu of facts regarding the nature of the debt obligation.   Therefore, the Complaint should be dismissed or withdrawn.

## SEVENTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.   In fact, by its very definition, the class is both an impermissible fail-safe class and the claims are so fact specific that the class is atypical and common questions of fact and law are lacking.   Therefore, the class allegations should be dismissed or withdrawn.

**WHEREFORE**,   Defendant,   Midland   Credit   Management,   Inc., respectfully requests this Honorable Court enter judgment in its favor, dismissing Plaintiff's class action complaint and any and all other relief as the Court deems is just and equitable.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN, P.C.**

By:   /s/ *Andrew M. Schwartz*
Andrew M. Schwartz
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2765 / (215) 575-0856 (f)
AMSchwartz @mdwcg.com
Attorney for Defendant,
Midland Credit Management, Inc.