IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RENEISHA KNIGHT | : CIVIL ACTION |
| --- | --- |
| v. | : |
|  | : NO. 17-3118 |
| MIDLAND CREDIT MANAGEMENT INC. | : |

## ORDER

**AND NOW**, this 5th day of April 2019, following discovery on class certification (ECF Doc. No. 34), after considering Plaintiff's Motion for class certification under Federal Rule of Civil Procedure 23 (ECF Doc. No. 42), Defendant's Response (ECF Doc. No. 51), Plaintiff's Reply (ECF Doc. No. 55), and for reasons in the accompanying Memorandum, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 42) is **GRANTED**:

1. We preliminarily certify this action to proceed as a class action for violations of the Fair Debt Collection Practices Act under Federal Rule of Civil Procedure 23(b)(3) on behalf of the Class defined as:

> **All consumers with an address in Philadelphia County, Pennsylvania who received collection letters from Midland Credit Management, Inc. dated on or after July 14, 2016 in substantially the same form as Exhibit "A" attached to the Second Amended Complaint, concerning debts incurred primarily for personal, household, or family purposes and originally owed to Capital One Bank, N.A.**

2. **Class Findings**. As more fully detailed in the accompanying Memorandum, we find Plaintiff amply satisfies prerequisites for a class under Federal Rule of Civil Procedure 23(a) and (b)(3):

    a. **Numerosity**. The Class is sufficiently numerous with at least 3,489 members;

b. **Commonality**. There are questions of law and fact common to the Class including (1) allegations the Defendant sent a standardized collection letter to Philadelphia County, Pennsylvania consumers originally owing a debt to Capital One Bank and (2) the determination whether the language in Defendant's standardized collection letter sent to Class members violates Section 1692e of the Fair Debt Collection Practices Act because language in the letter would deceive, confuse, or mislead the least sophisticated debtor.

c. **Typicality**. Plaintiff's claims based on receiving Defendant's standardized collection letter containing allegedly violating language are typical as these claims arise from the common language in Defendant's standardized collection letter sent to all Class members and assert the same legal theory under Section 1692e of the Fair Debt Collection Practices Act;

d. **Adequacy of Representation**. Plaintiff is an adequate representative who will fairly and adequately protect the Class's interests because she shares the same claims as the Class under Section 1692e of the Fair Debt Collection Practices Act and has no interests antagonistic to the Class. Attorneys Daniel Zemel and Elizabeth Apostola of Zemel Law LLC are qualified, experienced, and able to adequately represent the Class as Class Counsel;

e. **Predominance**. Common questions of law and fact amongst Class members receiving the allegedly violating letter from Defendant predominate over any questions affecting only individual Class members.

f. **Superiority**. A class action on behalf of Class members who received the allegedly violating letters from Defendant is superior to other available methods for fairly and efficiently adjudicating the controversy since Defendant concedes the Class consists of over 3,400 members and individual trials under the Fair Debt Collection Practices Act would be unduly burdensome.

3. **Class Representative.** We preliminary find and conclude under Federal Rule of Civil Procedure 23, Reneisha Knight is an adequate representative of the Class and we certify her as Class representative.

4. **Class Counsel.** Plaintiff's counsel Zemel Law LLC is authorized to act on behalf of the Class with respect to all actions required by, or necessary to be taken under, the Rules of Civil Procedure and this Court's Orders and Policies.

5. **Notice to the Class.** Class Counsel shall, as soon as practicable, confer with Defendant's counsel regarding appropriate notice to the Class compliant with Federal Rule of Civil Procedure 23(c)(2)(B). As soon as possible and no later than **April 16, 2019**, Plaintiff's counsel shall move under our Policies, including describing both parties' position on any remaining irreconcilable objection to the negotiated notice, to approve a form and protocol for notice to the Class to satisfy due process including under Rule 23. Opposition to the proposed notice shall be filed within five days of Class Counsel's motion for approval.

KEARNEY, J.