# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RENEISHA KNIGHT** | : CIVIL ACTION |
| | : |
| v. | : NO. 17-3118 |
| | : |
| **MIDLAND CREDIT MANAGEMENT INC.** | : |
| | : |

## ORDER

**AND NOW**, this 4th day of December 2019, upon considering the Plaintiff's Motion for Final Approval of the proposed class action settlement, attorney's fees, and representative's award (ECF Doc. No. 88), Plaintiff's Supplemental Motion for Final Approval of the proposed class action settlement, attorney's fees, and representative's award (ECF Doc. No. 91), Defendant's Response (ECF Doc. No. 92), having certified a settlement class in our July 29, 2019 Order following a hearing (ECF Doc. No. 86), following notice to all Class Members and no objection or opt-outs to the proposed settlement and following our Final Approval Hearing, it is **ORDERED** the Motion (ECF Doc. No. 88) is **GRANTED in part** based upon our specific findings:[1]

A.  This action satisfies Fed. R. Civ. P. 23(a) and (b)(3) as approximately 3,282 members of the Class under this Court's Preliminary Approval Order (ECF Doc. No. 86) (the "Class") are so numerous that joinder of all members is not practicable, there are questions of law and fact common to each Class, the claims of Class Representative Reneisha Knight are typical of the claims of the Class, and she will fairly and adequately protect the interests of the Class including through distribution of the settlement proceeds. Questions of law and fact

---

[1] To the extent not inconsistent with this Order, we adopt the defined terms in the Settlement Agreement (ECF Doc. No. 82-2).

common to the members of each Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy;

B. The Parties provided approved notice to the Class under Fed. R. Civ. P. 23(e) in accord with the Court's Preliminary Approval Order (ECF Doc. No. 86), and notice by mail and website has been given in an adequate and sufficient manner constituting the best notice practicable under the circumstance and satisfies Fed. R. Civ. P. 23(e) and due process;

C. The Parties agreed to settle after arms-length negotiations conducted in good faith by counsel for the Parties including before Judge Heffley and as alleged by the Class Representative;

D. The settlement is fair, reasonable and adequate to members of the Class in light of the demonstrated complexity, expense, and duration of litigation and the risks involved in establishing liability and damages, and in maintaining the class action through trial and appeal;

E. The relief in the settlement constitutes fair value in exchange for the releases of claims;

F. Plaintiff Knight's individual claims are also being resolved through this settlement;

G. The Parties and each member of the Class irrevocably submit to our exclusive jurisdiction for suit, action, proceeding or dispute arising out of the settlement; and,

H. It is in the best interests of the Parties and the members of the Class and consistent with principles of judicial economy for a dispute between any member of the Class (including any dispute as to whether any person is a member of one of the Class) and any Released Party which in any way relates to the applicability or scope of the Stipulation of Settlement or this

Final Judgment and Order of Dismissal should be presented exclusively for resolution by this Court.

**IT IS ORDERED**:

1. This action is finally **certified as a class action for settlement purposes** against Defendant Midland Credit Management Inc. on behalf of the Class defined in our July 29, 2019 Order (ECF Doc. No. 86) as:

   [A]ll consumers with an address in Philadelphia County, Pennsylvania who received collection letters from Midland Credit Management, Inc. dated on or after July 14, 2016 in substantially the same form as Exhibit "A" attached to the Second Amended Complaint, concerning debts incurred primarily for personal, household, or family purposes and originally owed to Capital One Bank, N.A.

2. The Parties' submitted settlement **is finally approved** under Fed. R. Civ. P. 23(e) as fair, reasonable and adequate and in the best interests of the Class Members. The parties are directed to consummate the Agreement under this Agreement and otherwise consistent with the Settlement Agreement terms.

3. All Class Members shall be bound by all of the terms, conditions and obligations of the Settlement Agreement (ECF Doc. No. 82-2), to the extent not inconsistent with this Order, and all determinations and judgments in the action concerning the Settlement.

4. **On or before December 29, 2019**, Defendant shall pay one hundred sixty thousand and nine hundred dollars **($160,900.00)** creating a Settlement Fund to the Settlement Administrator, Angeion Group.

5. No later than three business days after the time to appeal a final Order, the Settlement Administrator shall distribute:

   a. The *pro rata* share of fifty-four thousand and five hundred dollars ($54,500.00) to the eligible 3,283 Class Members;

b. Three thousand dollars ($3,000.00) to Class Representative Reneisha Knight in consideration for both releasing her individual claims and for service she performed for and on behalf of the Class[2];

c. One hundred and two thousand and five hundred dollars ($102,500.00) to Class Counsel reimbursing it for fees and demonstrated costs in the Motion for Final Approval (ECF Doc. No. 88) after: examining the detailed lodestar billing records evidencing $140,805.00 in fees and costs (ECF Doc. No. 88-4); evaluating comparator and fairness opinions as to the charged hourly rates of Daniel Zemel (ECF Doc. No. 88-3) and Elizabeth Apostola (ECF Doc. No. 88-6); and, applying the factors provided by our Court of Appeals including the prompt payment of damages to the class members, the absence of objections or opt-outs and time (over 180 hours) expended in over two (2) years to investigate and resolve this dispute with the considerable aid of Judge Heffley.[3]

d. Nine hundred dollars ($900.00) to Class Counsel for the cost of setting up a website to notify class members of this settlement consistent with our Order (ECF Doc. No. 77)

---

[2] Plaintiff asked we award Ms. Knight five thousand dollars ($5,000.00) as an individual award. We must independently review the fairness of the individual award by considering: "[T]he risk to the plaintiff in commencing suit, both financially and otherwise; the notoriety and/or personal difficulties encountered by the representative plaintiff; the extent of the plaintiff's personal involvement in the lawsuit in terms of discovery responsibilities and/or testimony at depositions or trial; the duration of the litigation; and the plaintiff's personal benefit." *Reibstein v. Rite Aid Corp.,* 761 F. Supp. 2d 241, 257 (E.D. Pa. 2011) (quoting *Perry v. FleetBoston Fin. Corp.,* 229 F.R.D. 105, 118 (E.D. Pa. 2005)). We look first to Ms. Knight's personal involvement. At the final approval hearing, we heard Ms. Knight appeared for a lengthy deposition and took part in other discovery responsibilities, such as answering interrogatories. She appeared for the final approval hearing. Her personal involvement weighs in favor of an award. The length of this case—over two years of litigation— also weighs in favor of an award. But we do not find the other factors support an award. We do not see Ms. Knight assuming financial risk in commencing this suit. There is no evidence of notoriety or Ms. Knight encountered personal difficulties by pursuing this lawsuit.

[3] *See In re Diet Drugs Product Liability Litig.,* 582 F.3d 524, 541 (3d Cir. 2009).

as this reasonable cost relates to the notice and administration of this settlement. (ECF Doc. No. 82-3) ("Defendant will also pay the costs of settlement notice and claims administration.").

6. We lack jurisdiction and decline to require Defendant to pay nine hundred and fifty-three dollars ($953.00) to Class Counsel to pay costs for the deposition of its retained expert, Ramsey Coulter, as this deposition occurred in the middle of discovery, does not relate to the administration of this settlement, and the parties could have negotiated payment of this cost during settlement during which time we could have reviewed the payment and notified the Class of the possible expenditure.

7. Each check issued shall be void if not negotiated within forty-five days after its date of issue. All unclaimed payments by Class Members, including all returned checks and all checks not cashed within forty-five days after the date of issue, shall revert to the Settlement Fund and held by the Settlement Administrator. Each check shall specify the void date.

8. If payments revert back to the Settlement Administrator, a party must file a motion to the Court within ninety days of the issuance of checks to distribute the balance of the Settlement Fund. This balance shall be applied to costs of settlement administration and remaining funds to a *cy pres* distribution to be paid to Pennsylvania's Jump$tart Coalition, a 501(c)(3) non-profit organization.

9. This Action is **dismissed** on the merits, with prejudice and without costs.

10. Without affecting the finality of this Order, we reserve and retain jurisdiction, including the administration and consummation of the settlement in accord with the Settlement Agreement (ECF Doc. No. 82-2).

11. The Clerk of Court shall **close this case** retaining jurisdiction only to enforce this Order.

_____
KEARNEY, J.